UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.   MEMORANDUM OF LAW & ORDER
Criminal File No. 11-87 (MJD/JJK)

(9) OLUGBENGA TEMIDAGO ADENIRAN,

Defendant.

Ann M. Anaya, Assistant United States Attorney, Counsel for Plaintiff.

Daniel Mohs, Law Office of Daniel Mohs, Counsel for Defendant.

This matter is before the Court on Defendant Olubenga Temidago Adeniran's motion for disclosure of the audio recording of the February 15, 2011, status conference before the Honorable Joan N. Ericksen. [Docket Nos. 404, 408]

The February 15 proceeding was recorded through stenographic means by an official court reporter. A certified transcript of the February 15 proceeding has been filed in this matter. [Docket No. 295-1] Defendant requests disclosure of the audio recording of that proceeding because he asserts that the certified

transcript has been edited to omit certain statements by Judge Ericksen. The Court denies Defendant's request.

"The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). While a party has a right of access to an audio tape of a proceeding that is "the original (rather than merely a backup) record of a stage in the proceedings," "audiotapes that merely back up the court reporter's stenographic record" are "the personal property of the reporter except as to audiotapes of arraignments, changes of plea, and sentencing hearings." Smith v. U.S. District Court Officers, 203 F.3d 440, 442 (7th Cir. 2000); see also 6 Guide to Judiciary Policies and Procedures § 510.40.10. Such backup tapes are not considered "judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript." Smith, 203 F.3d at 442.

The February 15, 2011, status conference was not an arraignment, change of plea, or sentencing hearing. The proceeding was recorded through stenographic means by an official court reporter. The certified transcript of the February 15 proceeding has been filed with the Court. If an audio tape exists of

the proceeding, it is, at most, a backup for the court reporter's stenographic record. The tape is not part of the judicial record in that matter. The "original" record in this case is the stenographic notes, while the official record is the certified transcript filed in this matter. Defendant has no right to obtain the court reporter's backup tape of the status conference. See United States v. Cannon, No. IP 05-52-CR-01 T/F, 2006 WL 3626353, at *4-*5 (S.D. Ind. Nov 14, 2006).

Moreover, Defendant has provided no evidence to the Court to provide a reason to distrust the accuracy of the stenographic transcript. Although, in his pro se letter, Defendant protests that the official transcript is inaccurate, both the court reporter and Defendant's former counsel confirm the certified transcript. (See [Docket No. 404].)

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Defendant Olubenga Temidago Adeniran's motion for disclosure of the audio recording of the February 15, 2011, Status Conference before the Honorable Joan N. Ericksen [Docket No. 404, 408] is **DENIED**.

Dated: 8-3-11

Michael J. Davis
Chief Judge
United States District Court