# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

___

| | |
|---|---|
| United States of America, | Crim. No. 11-87(9) (MJD/JJK) |
| Plaintiff, | |
| v. | |
| (9) Olugbenga Temidago Adeniran,<br>also known as Dennis Lok,<br>also known as Dayo Olugbega,<br>also known as Andre T. Andeiran,<br>also known as Andeniran T. Dayo,<br>also known as Oluwafemi Olarewaju Osibodu,<br>also known as Dayo, also known as Dre,<br>also known as Olugbenga Temidayo Adeniran, | **ORDER AND<br>REPORT AND RECOMMENDATION** |
| Defendant. | |

___

This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Dist. Minn. Loc. R. 72.1 on the following pretrial motion: Defendant Adeniran's Pretrial Motion to Dismiss the Indictment on Double Jeopardy Grounds (Doc. No. 464).

The motion filed by Adeniran's counsel states that: "Defendant, by and through his undersigned counsel, hereby violates the Double Jeopardy Clause of the 5th Amendment to the United States Constitution because the Defendant has been convicted in Hennepin County, Minnesota state court for the same offense conduct." (Doc. No. 464.) The motion says nothing more, other than that it incorporates by reference portions from an attached letter written by Defendant

Adeniran to his attorney on the subject. In this case, this Court previously issued an Order stating that that Defendant Okeayainneh "shall not file any further pro se motions unless granted permission by the Court." (Doc. No. 384.) After further review of the present motion, the motion appears to be a pro se motion brought by Defendant Adeniran only masked by his attorney's signature. The Defendants and counsel in this case are hereby warned that this type of practice will not be allowed.

    Also, on review of the issue presented, this Court has determined that the motion is meritless. As a general rule, double jeopardy does not bar federal prosecution of conduct which has previously been charged and tried in state court, under the concept of dual sovereignty. *Rinaldi v. United States*, 434 U.S. 22, 28 (1977) (citing *Bartkus v. Illinois*, 359 U.S. 121 (1959); *Abbate v. United States*, 359 U.S. 187 (1959)). Indeed, "[i]t has long been the law under the doctrine known as dual sovereignty that federal prosecution following state prosecution 'of the same person for the same acts' does not violate the defendant's criminal rights." *United States v. Basile*, 109 F.3d 1304, 1306–07 (8th Cir. 1997) (quoting *Abbate*, 359 U.S. at 194). The only exception to the dual sovereignty doctrine is where "'the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.'" *Id.* at 1307 (quoting *Bartkus*, 359 U.S. at 124). Defendant has made no such assertion in this case and instead has merely argued that the Government is

improperly prosecuting him again for the same crime he has already addressed in state court. As such, Defendant's motion to dismiss based on double jeopardy grounds should be denied.

## ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  This Court's briefing schedule set forth in its September 27, 2011 Order at Doc. No. 470, is hereby **VACATED**; and

2.  The hearing scheduled for October 11, 2011, at 3:00 p.m., before Magistrate Judge Jeffrey J. Keyes, in Courtroom 6A, at 316 North Robert Street, St. Paul, Minnesota, is **CANCELLED**.

## RECOMMENDATON

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Defendant Adeniran's Pretrial Motion to Dismiss the Indictment on Double Jeopardy Grounds (Doc. No. 464), be **DENIED**.


Date:  September 29, 2011          _s/ Jeffrey J. Keyes_____
                                   JEFFREY J. KEYES
                                   United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 13, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to

comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.