UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

(1) Julian Okeayainneh,
also known as Julius Inneh, also known as Julian Nosa Inneh, also known as J.J., also known as Julian Okeaya-Inneh; and
(9) Olugbenga Temidago Adeniran, also known as Dennis Lok, also known as Dayo Olugbega, also known as Andre T. Andeiran, also known as Andeniran T. Dayo, also known as Oluwafemi Olarewaju Osibodu, also known as Dayo, also known as Dre, also known as Olugbenga Temidayo Adeniran;

        Defendants.

Crim. No. 11-87 (MJD/JJK)

REPORT AND RECOMMENDATION

---

Ana M. Anaya, Esq., and Lola Velazquez-Aguilu, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Jean M. Brandl, Esq., Cloutier & Brandl, P.A., counsel for Defendant Okeayainneh.

Daniel Mohs, Esq., Law Office of Daniel Mohs, counsel for Defendant Adeniran.

---

This matter is before the Court on Defendant Julian Okeayainneh's Second Motion for Dismissal Based on the Speedy Trial Act (Doc. No. 577), and Defendant Olugbenga Temidago Adeniran's Second Motion to Dismiss the

Indictment for Violation of the Speedy Trial Act (Doc. No. 581).  Defendants Okeayainneh and Adeniran both argue that this case should be dismissed against them because of violations of their speedy trial rights pursuant to 18 U.S.C. § 3161.

Specifically, Defendant Okeayainneh asserts that when the Court granted continuances on January 12 and 18, 2011, it "did not put on the record the reasons for the finding that the ends of justice were served by the continuance." (Doc. No. 577, Def. Okeayainneh's Mot. for Dismissal Based on the Speedy Trial Act ("Def. #1's Mot.") 1.)  Both Defendants Okeayainneh and Adeniran assert that on November 16, 2011, on the same day that they were arraigned on the Second Superseding Indictment, they "waived time for trial until February 7, 2012," and that the "Court granted the continuance, but did not put on the record the reasons for [the] finding that the ends of justice [were] served by the continuance."  (*Id.* at 2; Doc. No. 581, Def. Adeniran's Second Mot. to Dismiss the Indictment for Violation of the Speedy Trial Act ("Def. #9's Mot.") 2.)  And Defendant Adeniran further asserts that because more than thirty days elapsed between September 2, 2010 (the date of Defendant Adeniran's first appearance in this District), and October 5, 2010 (the date an Indictment was returned against him), the Government violated the Speedy Trial Act.  (Def. #9's Mot. 1–2.)

This Court held a hearing on the motions on January 24, 2012.  The matter was referred to the undersigned for Report and Recommendation pursuant to 28

2

U.S.C. § 636 and Local Rule 72.1.  For the reasons stated below, this Court recommends that Defendant Okeayainneh and Defendant Adeniran's motions be denied.

## BACKGROUND

**Facts relevant to Defendant Okeayainneh's motion**

On January 12, 2011, Defendant Okeayainneh had his first appearance in the U.S. District Court, District of Minnesota.[1]  (Doc. No. 4.)  At the initial appearance, the Government moved for detention and the Court granted temporary detention and set the detention/preliminary hearing for January 18, 2011.  (Doc. Nos. 4, 6.)  On January 18, 2011, Defendant Okeayainneh's attorney requested a continuance of the detention hearing/preliminary hearing until February 22, 2011.  (Doc. No. 10.)  The Court granted this request. (*Id.*)  On January 20, 2011, Defendant Okeayainneh's attorney filed a motion to continue and exclude time from the Speedy Trial calculation.  (Doc. No. 11.)  A detention and preliminary hearing was held on February 22, 2011, and the Court ordered

---

[1]   It is undisputed that Defendant Okeayainneh was initially arrested in California on December 17, 2010, and that on December 21, 2010, a judge in the U.S. District Court, Central District of California held a detention and extradition hearing, whereby Defendant was ordered to be detained, and a Warrant of Removal and Commitment to Minnesota was signed.  (*See* Doc. No. 367, 5/13/11 R&R at 5.)

3

Defendant Okeayainneh to be detained.[2]  (Doc. Nos. 15, 16.)  The Indictment was then filed on March 8, 2011.  (Doc. No. 34.)

**Facts relevant to Defendant Adeniran's motion**

On September 2, 2010, Defendant Adeniran had his initial appearance in the U.S. District Court, District of Minnesota.[3]  (Crim. No. 10-267(JNE/JJG), Doc. No. 4.)  At the initial appearance, the Government moved for detention and the Court granted temporary detention and set the detention/preliminary hearing for September 7, 2010.  (Crim. No. 10-267(JNE/JJG), Doc. Nos. 4, 8.)  A detention and preliminary hearing was held on September 7, 2010, and the Court ordered Defendant to be detained.  (Crim. No. 10-267(JNE/JJG), Doc. Nos. 7, 9.)  The Indictment was then filed on October 5, 2010.  (Crim. No. 10-267(JNE/JJG), Doc. No. 10.)  On March 8, 2011, Defendant Adeniran was re-indicted in the present case.  (Doc. No. 34.)  The Government then filed a motion to dismiss the Complaint and Indictment in the case pending before Judge Ericksen (Crim. No. 10-267(JNE/JJG), Doc. No. 46), which was granted on March 14, 2011.  (Crim. No. 10-267(JNE/JJG), Doc. No. 47.)

---

[2]   The Court did not issue an Order on Defendant's motion to continue and exclude time from the Speedy Trial calculation, but the motion was administratively terminated on February 22, 2011.

[3]   Defendant Adeniran was initially arrested in New York on August 23, 2010, on a warrant issued by a magistrate judge in the District of Minnesota.  (*See* Crim. No. 10-267(JNE/JJG), Doc. Nos. 1, 3.)  On August 23, 2010, Defendant Adeniran appeared before a magistrate judge in the Southern District of New York, and the judge ordered him to be detained and removed to the District of Minnesota.  (Crim. No. 10-267(JNE/JJG), Doc. No. 3.)

4

**Facts relevant to both Defendants' motions**

After the arraignments of the Defendants on March 14, 2011, and over the course of the next ten months, the case progressed through discovery, several series of motion practice, and three superseding Indictments. Relevant to the motions at hand, on September 29, 2011, Chief Judge Davis held a Status Conference, wherein a trial date was set for February 7, 2012, and Defendants Okeayainneh and Adeniran, among the other Defendants present, were questioned by their attorneys on the record about waiving speedy trial rights until the trial start date. (Doc. No. 475.) All of the Defendants present at the hearing stated in the affirmative that they agreed to waive any Speedy Trial Act issues, and Chief Judge Davis accepted the waiver. (*See id.*; *see also generally* Doc. No. 587, 9/29/11 Hr'g Tr.)

The other date placed at issue by Defendants Okeayainneh and Adeniran is November 16, 2011. On that date, the undersigned held an arraignment hearing for Defendants Okeayainneh and Adeniran and other Defendants as to the Second Superseding Indictment. (Doc. No. 497.) There is no record, however, that any of the Defendants "waived time for trial until February 7, 2012," on that date.

## DISCUSSION

The Speedy Trial Act states that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days

5

from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act also states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The statute provides that certain time periods resulting from certain prescribed delays should be automatically excluded from the Speedy Trial Act calculations. For example, the Speedy Trial Act excludes any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D). The Government's "motion for detention is a pretrial motion within the meaning of section 3161(h)(1)(F)."[4] *United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994).

In addition, the statute provides that the time period "resulting from a continuance granted by any judge . . . [shall be excluded from the Speedy Trial Act computations] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best

---

[4] The period of delay previously described in 18 U.S.C. § 3161(h)(1)(F) is now found in § 3161(h)(1)(D).

6

interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute further commands the following:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.*

## I.  Defendant Okeayainneh's First Argument

Defendant Okeayainneh first argues that when the Court granted continuances on January 12 and 18, 2011, it "did not put on the record the reasons for the finding that the ends of justice were served by the continuance[,]" and therefore a violation of the Speedy Trial Act occurred. (Doc. No. 577, Def. #1's Mot. 1.)  But as previously explained by Chief Judge Davis in his June 20, 2011 Order –

> . . . the time from the filing of the detention motion [January 12, 2011] to the conclusion of the hearing on that matter [February 22, 2011] was automatically excluded. (R&R at 8 n.3.)  See 18 U.S.C. § 3161(h)(1)(D) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . . Any period of delay resulting from other proceedings concerning the defendant, including but not limited to – . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."); Henderson v. United States, 476 U.S. 321, 330 (1986) (holding that "Congress intended subsection (F) [now (D)] to exclude . . . all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary'").

7

(Doc. No. 405, 6/20/11 Order at 5.)  As Chief Judge Davis has already explained, "[t]he exclusion of this time is 'automatic.'"  (*Id.* (citing *Bloate v. United States*, 130 S. Ct. 1345, 1349 n.1 (2010).)

And as previously explained by the undersigned, because the time period from January 12, 2011, to February 22, 2011, was automatically excluded from the Speedy Trial Act calculations, there was no need for Defendant Okeayainneh's attorney to file a motion to exclude time.  (Doc. No. 367, 5/13/11 R&R at 8 n.3.)  Because there was no need for Defendant's attorney to file a motion to exclude time, there was no need for the Court to grant such a motion (which explains why the motion was administratively terminated), and no need for the Court to "put on the record the reasons for the finding that the ends of justice were served by the continuance."  Accordingly, no violation of the Speedy Trial Act occurred on January 12 and 18, 2011, or any time between January 12, 2011, and February 22, 2011, because that time period was automatically excluded from the Speedy Trial Act calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

## II.   Defendant Adeniran's First Argument

Defendant Adeniran argues that because more than thirty days elapsed between September 2, 2010 (the date of Defendant Adeniran's first appearance in this District), and October 5, 2010 (the date an Indictment was returned against him), the Government violated the Speedy Trial Act.  (Def. #9's Mot. 1–2.)  This argument was already raised, almost verbatim, in Defendant Adeniran's

earlier motion to dismiss. (*See* Doc. No. 214, Def.'s Pretrial Mot. to Dismiss the Indictment 1–2.) This Court explained in its May 13, 2011 Report and Recommendation the following:

> Defendant Adeniran argues that because the time period from September 2, 2010, and October 5, 2010, is more than thirty days, the Government has violated the Speedy Trial Act. Defendant, however, fails to take into account that the Speedy Trial Act excludes any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on or other prompt disposition of such motion." *Id.* § 3161(h)(1)[(D)]. The Government's "motion for detention is a pretrial motion within the meaning of section 3161(h)(1)(F)."[5] *United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994). Here, the Government moved for detention on September 2, 2010, at the initial appearance, and the hearing and disposition of that motion concluded on September 7, 2010. Therefore, the time period between September 2, 2010, and September 7, 2010, is automatically excluded from the Speedy Trial Act calculations in this case.[]
>
> In sum, excluding the above-referenced time periods, less than thirty days elapsed between Defendant Adeniran's arrest and the Indictment.[] Accordingly, this Court recommends that Defendant's motion to dismiss be denied.

(Doc. No. 370, 5/13/11 R&R at 35–36 (footnotes omitted).) The District Court adopted this conclusion in its June 20, 2011 Order and denied Defendant Adeniran's previous Motion to Dismiss the Indictment. (Doc. No. 405, 6/20/11 Order at 5–6.) Defendant's argument has not changed since that ruling, nor has

---

[5]   As previously noted, the period of delay previously described in 18 U.S.C. § 3161(h)(1)(F) is now found in § 3161(h)(1)(D).

9

the evidence presented to this Court.[6] Accordingly, this Court again concludes that no Speedy Trial Act violation occurred.

## III.   Defendants Okeayainneh and Adeniran's Second Argument

Defendant Okeayainneh and Defendant Adeniran's second arguments are that a Speedy Trial Act violation occurred when they "waived time for trial until February 7, 2012," because the "Court granted the continuance, but did not put on the record the reasons for [the] finding that the ends of justice [were] served by the continuance." (Def. #1's Mot. 2; Def. #9's Mot. 2.)[7] At the September 29, 2011 Status Conference before Chief Judge Davis, all of the Defendants present, including Defendants Okeayainneh and Adeniran, were questioned by their

---

[6]   This portion of Defendant Adeniran's motion could be construed as a motion to reconsider the Court's earlier decision on this matter. The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(h). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988) (quotations omitted). Because none of the above occurred here, the motion, if construed as a motion for reconsideration, should be denied.

[7]   Defendants Okeayainneh and Adeniran incorrectly state that this occurred on November 16, 2011. (Def. #1's Mot. 2; Def. #9's Mot. 2.) On November 16, 2011, the undersigned held an arraignment hearing, but Defendants Okeayainneh and Adeniran did not waive time or request an exclusion of time at that hearing. (*See* Doc. No. 497.) This Court presumes that Defendants instead are referencing the September 29, 2011 Status Conference that was held before Chief Judge Davis, whereby all of the Defendants present stated waivers on the record. (Doc. No. 475; *see also generally* Doc. No. 587, 9/29/11 Hr'g Tr.) The Government pointed this discrepancy out in its response, and the parties proceeded at the hearing as if the hearing at issue was in fact the September 29, 2011 Status Conference. (*See* Doc. No. 584, Gov't Resp. to Def.s' Mots. to Dismiss 2.)

10

attorneys to provide a factual basis to establish a knowing and intelligent waiver, and all of the Defendants present waived their speedy trial rights, which meant that they agreed to exclude the time from September 29, 2011, to February 7, 2012, the newly set trial date. (Doc. No. 475; see also Doc. No. 587, 9/29/11 Hr'g Tr. at 6–10.)  Specifically, the questions asked and answers provided by Defendant Okeayainneh were as follows:

> Q. Mr. Okeayainneh, are you aware that you have speedy trial rights at this time?
>
> A. Yes.
>
> Q. And do you understand that a February 7th trial date in 2012 would extend beyond the time under which you would have a speedy trial?
>
> A. Yes, I do.
>
> Q. And is it your decision at this time to waive those speedy trial rights and allow the trial to be held on February 7th of 2012 so that I, your attorney, and you can be prepared for trial?
>
> A. Yes, I do.

(Doc. No. 587, 9/29/11 Hr'g Tr. at 9–10.)  And the questions asked and answers provided by Defendant Adeniran were as follows:

> Q. Mr. Adeniran, you have been in court for these proceedings this morning and you heard the Judge say that the trial date in this case is going to be February 7, 2012.  Do you understand that that's outside of the speedy trial requirements in this case?  Are you willing to waive those rights and have this tried in February of 2012?
>
> A. Yes.

(*Id.* at 6–7.)

11

This Court concludes that the requisite findings by Judge Davis are inherent in the colloquy that occurred on the record at the September 29, 2011 Status Conference. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv) (stating that the factors for the court to consider include whether the failure to grant a continuance would "result in a miscarriage of justice," whether the case is so unusual or complex "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits," and if not so complex, whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation[.]"). For example, Attorney Brandl acknowledged that she and her client Defendant Okeayainneh needed the time between September 29, 2011, and February 7, 2012, to "prepare[] for trial." (Doc. No. 587, 9/29/11 Hr'g Tr. at 10.) And the Court acknowledged that the Government had originally represented that there may be 300 witnesses and eight weeks of trial. (*Id.* at 5.)

The statute does, however, require that "[n]o such period of delay resulting from a continuance granted by the court . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court's reasons need not be provided contemporaneously with the continuance. *See United States v. Stackhouse*, 183 F.3d 900, 901 (8th Cir. 1999) ("Contemporaneity is not required . . . and a

12

subsequent articulation suffices."); *United States v. Clifford*, 664 F.2d 1090, 1095 (8th Cir. 1981) ("While a court generally should make the findings required by section 3161(h)(8)(A) [now 3161(h)(7)(A)] at the time it grants the continuance, the Speedy Trial Act does not require the court to make a contemporaneous record."); *see also Zedner v. United States*, 547 U.S. 489, 506–07 (2006) ("Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . the Act is ambiguous on precisely when those finding must be 'se[t] forth, in the record of the case.' However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss[.]").

> On January 24, 2012, Chief Judge Davis issued an Order stating:
>
> Although the Court weighed the need for a continuance based on
> the unusual complexity of the case and the need for time for the
> parties to adequately prepare for trial against Defendants' and the
> public's interest in a speedy trial, the Court did not
> contemporaneously explicitly state those reasons on the record
> when continuing the trial. In the interest of completing the record,
> the Court now explicitly articulates the basis upon which it granted
> the continuance on September 29, 2011.

(Doc. No. 585, 1/24/12 Order at 1–2.) The Court then explained its reasons for finding that the ends of justice served by the granting of the continuance outweighed the best interest of the public and Defendants in a speedy trial:

> This finding is based on the Court's findings that this is an unusually
> complex case. There are thirteen defendants in this indictment
> alone, many with an unusual plethora of identities and aliases. This
> case involves allegations of an identity theft conspiracy that spanned

13

> half a decade and stretched across the nation. The case has an international reach and is unusually document intensive. The failure to grant this continuance would unreasonably deny both Defendants and the Government the reasonable time necessary for effective preparation for trial, even while exercising due diligence.

(*Id.* at 2.) Because the Court set forth its reasons in the January 24, 2012 Order, and the Court's considerations were proper under the statute, *see* 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), this Court concludes that no Speedy Trial Act violation occurred. Accordingly, this Court recommends that Defendant Okeayainneh's and Defendant Adeniran's motions to dismiss be denied in their entirety.

## RECOMMENDATION

Based on the files, records, and proceedings here, **IT IS HEREBY RECOMMENDED** that:

1.   Defendant Okeayainneh's Second Motion for Dismissal Based on the Speedy Trial Act (Doc. No. 577), be **DENIED**; and

2.   Defendant Adeniran's Second Motion to Dismiss the Indictment for Violation of the Speedy Trial Act (Doc. No. 581), be **DENIED**.

Date: January 24, 2012

*s/Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 26, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure

to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **two days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing immediately upon receipt of the Report.