UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                              Criminal File No. 11-87 (MJD/JJK)

(9) OLUGBENGA TEMIDAGO ADENIRAN,

    Defendant.

Ann M. Anaya, Assistant United States Attorney, Counsel for Plaintiff.

Daniel Mohs, Law Office of Daniel Mohs, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant Olugbenga Temidago Adeniran's oral motion for acquittal on Count 1 [Docket No. 624] and Post-Trial Motion for a New Trial [Docket No. 634].

## II.    BACKGROUND

In the Third Superseding Indictment, Defendant Olugbenga Temidago Adeniran was charged with Count 1, conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349; Counts 6, 7, 9, and 10, bank fraud or

1

attempted bank fraud, in violation of 18 U.S.C. §§ 2, 1344, 1349; and Counts 33 through 36, aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A. On February 28, 2012, a jury found Adeniran guilty on all counts. Adeniran now moves for acquittal on Count 1 and for a new trial on Counts 1, 6-7, and 9-10.

### III.   DISCUSSION

#### A.   Motion for Acquittal

##### 1.   Standard

When deciding a motion for acquittal, the Court views the evidence and all reasonable inferences from it in the light most favorable to the verdict. United States v. Hood, 51 F.3d 128, 129 (8th Cir. 1995). If there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt, that verdict must be upheld. Id.

##### 2.   Whether Adeniran Joined the Single Conspiracy Alleged in Count 1

Adeniran argues that, although Count 1 of the Third Superseding Indictment charges a single conspiracy to commit bank fraud, the evidence at trial showed that there were at least two separate conspiracies involving different defendants. He claims that one conspiracy was to commit bank fraud by opening fraudulent bank accounts and withdrawing funds using forged checks,

2

while the other conspiracy was to commit bank fraud by using stolen identities and withdrawing funds using credit cards obtained with the stolen identities. Defendant argues that the Government failed to establish beyond a reasonable doubt the existence of a single conspiracy and that he suffered prejudice from a variance in the conspiracy charged and the conspiracies proved at trial.

Adeniran further argues that the Government failed to establish that he was a voluntary and knowing participant in the conspiracy charged in Count 1.

> To convict [the defendants] of conspiracy, the government was required to show that there was a conspiracy with an illegal purpose, [both defendants] were aware of the conspiracy, and they both knowingly became part of it.  A formal agreement is not required to create a conspiracy, and the existence of a conspiracy can be proved by direct or circumstantial evidence.

United States v. Dupont, 672 F.3d 580, 583 (8th Cir. 2012).

> Whether a given case involves single or multiple conspiracies depends on whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy.  That the conspirators entered the conspiracy at different times and played discrete roles does not compel a finding of multiple conspiracies.

United States v. Chahia, 544 F.3d 890, 895 (8th Cir. 2008) (citations omitted).

> A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement.  A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions.  Further, the agreement

>need not be explicit, but may be tacit, based upon the actions of the defendant.

United States v. Ramon-Rodriguez, 492 F.3d 930, 941 (8th Cir. 2007) (citation omitted). "It is not necessary that all co-conspirators know one another or collaborate with every other member of a conspiracy for there to be a single conspiracy." Id. (citation omitted).

To determine whether a case involves single or multiple conspiracies, the Court considers "factors such as the nature of the activities, the location where the alleged events of the conspiracy occurred, the identity of the co-conspirators, and the time frame." Id. (citation omitted). In making its determination, the Court considers the totality of the circumstances and, because it is a question of fact, all reasonable inferences are made in favor of the verdict. United States v. Radtke, 415 F.3d 826, 838 (8th Cir. 2005).

Based on its review of the evidence submitted at trial, the Court concludes that there is sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that there existed a single conspiracy to commit bank fraud and that Adeniran voluntarily and knowingly joined that conspiracy, meeting the essential elements of Count 1 of the Third Superseding Indictment. Adeniran and other members of the conspiracy used and shared stolen identifiers and

proceeds of the fraud.  Adeniran was placed in this conspiracy and connected to his coconspirators through witness testimony, telephone records, and his photographs found in Defendant Julian Okeayainneh's storage locker. Defendant's Motion for Acquittal is denied.

### B. Motion for a New Trial

Defendant moves for a new trial on Counts 1, 6-7, and 9-10 of the Third Superseding Indictment.

#### 1. Standard

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may vacate any judgment and grant a new trial if the interest of justice so requires.

> The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the trial court.  While the district court's discretion is quite broad—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict, there are limits to it.  Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand.

United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (citations omitted).

> [M]otions for new trials based on the weight of the evidence generally are disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution.  The jury's verdict must be allowed to stand unless the evidence weighs heavily

enough against the verdict [such] that a miscarriage of justice may have occurred.

United States v. Johnson, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (citations omitted).

### 2. Sufficiency of the Evidence to Support Verdict on Count 1

As in Adeniran's motion for acquittal, he argues that, although Count 1 charges a single conspiracy to commit bank fraud, the evidence at trial showed that there were at least two separate conspiracies involving different defendants: one conspiracy to commit bank fraud by opening fraudulent bank accounts and withdrawing funds using forged checks and a separate conspiracy to commit bank fraud by using stolen identities and withdrawing funds using credit cards obtained with the stolen identities. He asserts that the Government failed to establish beyond a reasonable doubt the existence of a single conspiracy and that he suffered prejudice from a variance in the conspiracy charged and the conspiracies proved at trial. Adeniran further argues that the testimony of Borode Akinropo, Okwuchukwu Jidoefor, Kabaso Manda, and Jude Okafor was not credible, so the Court should discount their testimony.

The Court is intimately familiar with the evidence in this matter. It does not adopt Adeniran's characterization of the testimony of the witnesses against

6

him.  For example, the Court found Manda's testimony to be truthful and highly credible.  After careful review of the evidence, including the telephone records, the photographs of Adeniran found in Okeayainneh's storage locker, the stolen identifiers found in Adeniran's possession after his arrest, the images of Adeniran committing fraud, and witness testimony, the Court concludes that the jury reasonably weighed the evidence, including the credibility of the various witnesses, to reach a guilty verdict.  A miscarriage of justice has not occurred.  Adeniran's motion for a new trial is denied.

### 3. Severance

Adeniran argues that he was denied a fair trial because the Court denied his motion for severance from Okeayainneh, and spillover evidence from one conspiracy to another prejudiced him.

"There is a preference in the federal system for joint trials of defendants who are indicted together."  Zafiro v. United States, 506 U.S. 534, 537 (1993).  "Generally, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together."  United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009) (citation omitted).  "Rarely, if ever, will it be improper for coconspirators to be tried together."  United States v.

Stephenson, 924 F.2d 753, 761 (8th Cir. 1991).  A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro, 506 U.S. at 539.

> Because defendants who are jointly indicted on similar evidence from the same or related events should normally be tried together, to warrant severance a defendant must show real prejudice, that is, something more than the mere fact that he would have had a better chance for acquittal had he been tried separately. A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.

United States v. Michelson, 378 F.3d 810, 817-18 (8th Cir. 2004).

The Court concludes that the evidence supported the jury's verdict that both Adeniran and Okeayainneh were members of the same conspiracy, as alleged in Count 1.  Additionally, Adeniran has shown no prejudice to his right to a fair trial.  His motion for a new trial based on failure to sever is denied.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Olugbenga Temidago Adeniran's oral motion for acquittal on Count 1 [Docket No. 624] is **DENIED**.

2. Defendant's Post-Trial Motion for a New Trial [Docket No. 634] is **DENIED**.

Dated:   June 22, 2012               s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court